UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 5601

------------------------------------------------------------------------X

JOSE CRESPO,

Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER NIK DEDVUKAJ (TAX 941631), and
JOHN DOES 1-3,

Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff, JOSE CRESPO, by and through his attorneys, THE LAW OFFICES OF MICHAEL

S. LAMONSOFF, PLLC, complaining of the defendants herein, respectfully shows the Court and

alleges:

<u>**PRELIMINARY STATEMENT**</u>

1.   This is a civil rights action in which the plaintiff, JOSE CRESPO, seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§

1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the

United States Constitution, and of rights secured under the laws and Constitution of the

State of New York.  The plaintiff seeks damages, both compensatory and punitive,

affirmative and equitable relief, an award of costs, interest and attorney's fees, and such

other and further relief as this Court deems equitable and just.

<u>**JURISDICTION AND VENUE**</u>

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42,

this being an action seeking redress for the violation of plaintiff's constitutional and civil

1

rights.

3.    Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.    The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.    Venue herein is proper for the United States District Court for the SOUTHERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.  Plaintiff, JOSE CRESPO, filed a Notice of Claim with the CITY OF NEW YORK within 90 days of the dismissal of his charges related to this underlying criminal matter.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.    That Plaintiff, JOSE CRESPO, was produced for a statutory hearing pursuant to General Municipal Law § 50-H, and this action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## JURY TRIAL DEMAND

8.    Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

2

## PARTIES

9.    Plaintiff, JOSE CRESPO, is an adult male resident of the County, City, and State of New York.

10.   Plaintiff, JOSE CRESPO, is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the County, City, and State of New York.

11.   Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.   Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant, THE CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by its police officers.

13.   Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein, the employer or entity employing acting officer, NIK DEDVUKAJ and the Doe defendants, assigned to a local detention area believed to be Transit Division District 1 of the New York City Police Department.  Defendant NIK DEDVUKAJ and the Doe defendants were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant, THE CITY OF NEW YORK.  Defendant NIK DEDVUKAJ and the Doe defendants were

3

acting for, and on behalf of, and with the power and authority vested them by THE CITY OF NEW YORK and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants are sued herein in their official and individual capacities.

14.   Defendant POLICE OFFICER NIK DEDVUKAJ (TAX 941631), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area command center of the New York City Police Department believed to be Transit Division District 1 of the Transit Borough Manhattan Task Force. Defendant Dedvukaj is sued herein in his official and individual capacities.

15.   The Doe defendants are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area command center of the New York City Police Department believed to be Transit Division District 1 of the Transit Borough Manhattan Task Force. The Doe defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

16.   On August 12, 2012, at approximately 5:00 p.m., in the County, City and State of New York, plaintiff was lawfully present at or near 46th Street and Sixth Avenue (the "scene of the arrest").

17.   At this time, the individual defendants, including defendant NIK DEDVUKAJ, approached plaintiff without any legal justification or excuse.

18.   The plaintiff was not engaged in any unlawful or suspicious activity.

4

19.   Although there was no legal basis or justification for doing so, the defendants searched plaintiff.

20.   The search yielded no evidence of any guns, drugs, or contraband.

21.   Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants applied excessively tight handcuffs to the plaintiff and formally arrested him.

22.   Plaintiff complied with the defendants' requests and at no time did plaintiff resist arrest or otherwise engage in any threatening or violent activity.

23.   Although there was no legal basis for doing so, the defendants handcuffed plaintiff and took plaintiff to a holding area of the Transit Division District 1 of the New York City Police Department.

24.   The defendants then transported plaintiff to another local area precinct of the New York City Police Department before transferring him to New York County Central Booking where he was arraigned on a criminal complaint sworn to and made on the basis of false allegations supplied by the defendants, including defendant Dedvukaj.

25.   Plaintiff was then released from custody after seeing a judge and was forced to make several court appearances over the course of several months, pursuant to the false allegations made by the defendants officers, before the charges against him were dismissed.

26.   The false allegations made and sworn to by defendant Dedvukaj and the other defendants were made with the knowledge and approval of all of the defendants.

27.   The defendants created paperwork, including, but not limited to the criminal complaint sworn to by defendant Dedvukaj, with the intention and understanding that this paperwork would be turned over to the New York County District Attorney and used to

5

prosecute plaintiff for alleged crimes and/or violations that he had not committed, and
that the defendants knew he had not committed.

28. The factual allegations sworn to by the defendants against plaintiff were materially false
and deliberately made for the improper and malicious motive to justify the illegal search,
arrest, and excessive force perpetrated by the defendants against the plaintiff named
herein.

29. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no
evidence that plaintiff engaged in any unlawful conduct.

30. At no time prior to or during the encounter and/or arrest did there exist probable/or
otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants
have reasonably believed that such cause existed.

31. At no time did there exist any basis to use any level of force against the plaintiff, much
less the force actually employed, nor could any of the defendants have reasonably
believed that such force was reasonable, lawful, appropriate, or necessary.

32. At no time prior to or during the encounter was there sufficient legal cause to believe
that plaintiff was engaged in any unlawful or suspicious activity.

33. At no time did any of the defendants take steps to intervene in, prevent, or otherwise
limit the misconduct engaged in by the defendants against the plaintiff.

34. At all times relevant herein, the defendants were acting within the scope of their
employment, and their acts were done in furtherance of the City of New York's and the
New York City Police Department's interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

35.   Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

36.   By their conduct and actions in falsely arresting and maliciously prosecuting JOSE

CRESPO, failing to intercede on behalf of plaintiff and in failing to protect him from the

unjustified and unconstitutional treatment he received at the hands of the defendants, the

individual defendants, acting with animus, and under color of law and without lawful

justification, intentionally, maliciously, and with deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused plaintiff to be

unlawfully subjected to excessive and unreasonable force and false arrest, caused plaintiff

to be maliciously prosecuted, and caused injury and damage in violation of the plaintiff's

constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States

Constitution, including its Fourth and Fourteenth Amendments.

37.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, physical injury, psychological injury

and emotional distress, great humiliation, costs and expenses, and was otherwise

damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY THE CITY OF NEW YORK

38. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with
    the same force and effect as though fully stated herein.

39. At all times material to this complaint, defendant, THE CITY OF NEW YORK, acting
    through its police department, and through Doe defendants and defendant Dedvukaj had
    in effect actual and/or *de facto* policies, practices, customs and usages that were a direct
    and proximate cause of the unconstitutional conduct alleged of the individual defendants.

40. At all times material to this complaint, defendant, THE CITY OF NEW YORK failed to
    properly train, screen, supervise or discipline its employees and police officers, including
    defendant Dedvukaj and the Doe defendants, concerning the correct practices in having
    probable cause and/or reasonable suspicion to detain a person, and then permit detention,
    inflict abuse and excessive force upon said person, battery and assault and sustain a false
    arrest, thereby permitting the individual defendants to be in a position to violate
    plaintiff's rights.

41. Defendant, THE CITY OF NEW YORK, being aware that such lack of training,
    supervision, and discipline leads to improper conduct by its employee police officers,
    acted with deliberate indifference in failing to establish a program of effective training,
    supervision and discipline.

42. Defendant, THE CITY OF NEW YORK, is aware of the persistent and substantial risk
    of improper and incorrect arrest and detention, and effective training, supervision, and

discipline would lessen the likelihood of such occurrences.  There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant, THE CITY OF NEW YORK.  Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

43.   Defendant, CITY OF NEW YORK, was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over THE NEW YORK CITY POLICE DEPARTMENT.

44.   Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within THE NEW YORK CITY POLICE DEPARTMENT with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of THE NEW YORK CITY POLICE DEPARTMENT. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

45.   The defendant, THE CITY OF NEW YORK deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by it's THE NEW YORK CITY POLICE DEPARTMENT employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through

9

deliberate inaction and negligent supervision, a THE NEW YORK CITY POLICE DEPARTMENT policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of THE NEW YORK CITY POLICE DEPARTMENT business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

46.  The aforementioned customs, practices, procedures, and rules of the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT are listed below in the following, non-exhaustive list of unconstitutional actions:

> a.  Using excessive force on individuals, including but not limited to those who have already been handcuffed;
>
> b.  Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;
>
> c.  Discouraging police officers from reporting the corrupt or unlawful acts of others;
>
> d.  Retaliating against officers who report police misconduct; and
>
> e.  Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

47.  The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

> a.  *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);
>
> b.  *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);
>
> c.  *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

10

    d.   *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e.   *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.   *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.   *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.   *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.   *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.   *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

48.   In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

49.   It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within THE NEW YORK CITY POLICE DEPARTMENT and that the CITY OF NEW YORK was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

50.   As a direct result of defendant's actions, plaintiff suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, JOSE CRESPO by the Fourth and Fourteenth Amendments of the United

States Constitution and by Title 42 U.S.C.A § 1983.

51.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, psychological injury and emotional distress, great

humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF RIGHTS SECURED**
**BY THE NEW YORK STATE CONSTITUTION**
**BY THE INDIVIDUAL DEFENDANTS**

52.  Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

53.  By their conduct and actions in falsely arresting and maliciously prosecuting JOSE

CRESPO, failing to intercede on behalf of the plaintiff, and in failing to protect him from the

unjustified and unconstitutional treatment he received at the hands of the defendants, the

individual defendants, acting with animus, and under color of law and without lawful

justification, intentionally, maliciously, and with deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused plaintiff to be

unlawfully subjected to excessive and unreasonable force, false arrest and malicious

prosecution, and caused injury and damage in violation of the plaintiff's constitutional rights

as guaranteed by the Constitution of the State of New York.

54.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

injured.

12

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION
### <u>AGAINST THE CITY OF NEW YORK</u>

55. Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

57. At the aforementioned location, plaintiff, JOSE CRESPO, and was detained and held under the imprisonment and control of the defendants under false pretenses.

58. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested, imprisoned, and maliciously prosecuted the plaintiff, JOSE CRESPO without warrant, authority of law or probable cause therefore.

59. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining JOSE CRESPO against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of

13

plaintiff; unlawfully detaining and  JOSE CRESPO in handcuffs without reasonable cause

therefore, and committing such other acts resulting in the unlawful arrest and imprisonment

of plaintiff.

60.  That at all times hereinafter mentioned, said arrests, confinement and restraints of liberty

were not otherwise privileged.

61. That plaintiff, JOSE CRESPO was conscious of the confinement.

62. That as a direct, sole and proximate result of the false arrest, imprisonment, malicious

prosecution and excessive force, plaintiff, JOSE CRESPO was caused to and did sustain

humiliation and embarrassment, emotional and mental distress, moral and mental

degradation, indignity and disgrace, injury to personal and business reputation,

inconvenience, disturbance and disruption of life, legal expenses, and loss of personal

income.

63.  By the actions described above, the individual defendants and THE CITY OF NEW YORK

caused plaintiff to be falsely arrested and/or falsely imprisoned, and cause plaintiff, JOSE

CRESPO to be maliciously prosecuted, without probable cause, without reasonable

suspicion, illegally, without any proper claims, and without any right or authority to do so.

The acts and conduct of the defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated his statutory and common law rights as guaranteed by the

laws of the Constitution of the State of New York.

64.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

injured.

14

## AS AND FOR AN FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION,
## SUPERVISION AND TRAINING

65.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with

the same force and effect as though fully stated herein.

66.  Defendant, THE CITY OF NEW YORK negligently hired, screened, retained, supervised

and trained the individual defendants.  The acts and conduct of the defendants were the

direct and proximate cause of injury to the plaintiff and violated his statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

67.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, physical injury, psychological injury

and emotional distress, great humiliation, costs and expenses, and was otherwise

damaged and injured.

## AS AND FOR AN SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

68.  Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

69.  Defendants negligently caused emotional distress and damage to the plaintiff.  The acts

and conduct of the defendants were the direct and proximate cause of emotional injury to

the plaintiff and violated his statutory and common law rights as guaranteed by the laws

and Constitution of the State of New York.

15

70. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

71. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated:   New York, New York
        August 9, 2013

                            Respectfully submitted,
                            **LAW OFFICES OF MICHAEL S.**
                            **LAMONSOFF, PLLC**
                            *Counsel for the Plaintiff*

By:    JESSICA MASSIMI, Esq. (JM-2920)
        80 Maiden Lane, 12th Floor
        New York, New York 10038
        (212) 962-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE CRESPO,

                                        Plaintiff,                    **COMPLAINT**

            -against-

                                                                      **JURY TRIAL
                                                                      DEMANDED**
THE CITY OF NEW YORK,
POLICE OFFICER NIK DEDVUKAJ (TAX 941631), and
JOHN DOES 1-3,

                                        Defendants.
------------------------------------------------------------------------X
            Plaintiff, JOSE CRESPO, by and through his attorneys, THE LAW OFFICES OF MICHAEL

S. LAMONSOFF, PLLC, complaining of the defendants herein, respectfully shows the Court and

alleges:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, JOSE CRESPO, seeks relief for the

      defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§

      1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the

      United States Constitution, and of rights secured under the laws and Constitution of the

      State of New York.  The plaintiff seeks damages, both compensatory and punitive,

      affirmative and equitable relief, an award of costs, interest and attorney's fees, and such

      other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42,

      this being an action seeking redress for the violation of plaintiff's constitutional and civil

                                        1

rights.

3.   Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments
     to the United States Constitution and 42 U.S.C. § 1983.

4.   The plaintiff respectfully requests that this Court exercise supplemental jurisdiction,
     pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a
     common nucleus of operative facts that give rise to the federally based causes of action
     pleaded herein, and as against all parties that are so related to claims in this action within
     the original jurisdiction of this court that are formed as part of the same case or
     controversy.

## VENUE

5.   Venue herein is proper for the United States District Court for the SOUTHERN District
     of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.   Plaintiff, JOSE CRESPO, filed a Notice of Claim with the CITY OF NEW YORK within
     90 days of the dismissal of his charges related to this underlying criminal matter.  More
     than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or
     payment thereof has been neglected or refused.

7.   That Plaintiff, JOSE CRESPO, was produced for a statutory hearing pursuant to
     General Municipal Law § 50-H, and this action is commenced within one year and ninety
     days from the date the pendent claims herein accrued.

## JURY TRIAL DEMAND

8.   Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

2

## PARTIES

9.   Plaintiff, JOSE CRESPO, is an adult male resident of the County, City, and State of New York.

10.  Plaintiff, JOSE CRESPO, is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the County, City, and State of New York.

11.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.  Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant, THE CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by its police officers.

13.  Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein, the employer or entity employing acting officer, NIK DEDVUKAJ and the Doe defendants, assigned to a local detention area believed to be Transit Division District 1 of the New York City Police Department.  Defendant NIK DEDVUKAJ and the Doe defendants were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant, THE CITY OF NEW YORK.  Defendant NIK DEDVUKAJ and the Doe defendants were

3

acting for, and on behalf of, and with the power and authority vested them by THE CITY OF NEW YORK and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The individual defendants are sued herein in their official and individual capacities.

14.  Defendant POLICE OFFICER NIK DEDVUKAJ (TAX 941631), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area command center of the New York City Police Department believed to be Transit Division District 1 of the Transit Borough Manhattan Task Force. Defendant Dedvukaj is sued herein in his official and individual capacities.

15.  The Doe defendants are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area command center of the New York City Police Department believed to be Transit Division District 1 of the Transit Borough Manhattan Task Force.  The Doe defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

16.  On August 12, 2012, at approximately 5:00 p.m., in the County, City and State of New York, plaintiff was lawfully present at or near 46th Street and Sixth Avenue (the "scene of the arrest").

17.  At this time, the individual defendants, including defendant NIK DEDVUKAJ, approached plaintiff without any legal justification or excuse.

18.  The plaintiff was not engaged in any unlawful or suspicious activity.

4

19. Although there was no legal basis or justification for doing so, the defendants searched plaintiff.

20. The search yielded no evidence of any guns, drugs, or contraband.

21. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants applied excessively tight handcuffs to the plaintiff and formally arrested him.

22. Plaintiff complied with the defendants' requests and at no time did plaintiff resist arrest or otherwise engage in any threatening or violent activity.

23. Although there was no legal basis for doing so, the defendants handcuffed plaintiff and took plaintiff to a holding area of the Transit Division District 1 of the New York City Police Department.

24. The defendants then transported plaintiff to another local area precinct of the New York City Police Department before transferring him to New York County Central Booking where he was arraigned on a criminal complaint sworn to and made on the basis of false allegations supplied by the defendants, including defendant Dedvukaj.

25. Plaintiff was then released from custody after seeing a judge and was forced to make several court appearances over the course of several months, pursuant to the false allegations made by the defendants officers, before the charges against him were dismissed.

26. The false allegations made and sworn to by defendant Dedvukaj and the other defendants were made with the knowledge and approval of all of the defendants.

27. The defendants created paperwork, including, but not limited to the criminal complaint sworn to by defendant Dedvukaj, with the intention and understanding that this paperwork would be turned over to the New York County District Attorney and used to

5

prosecute plaintiff for alleged crimes and/or violations that he had not committed, and that the defendants knew he had not committed.

28.  The factual allegations sworn to by the defendants against plaintiff were materially false and deliberately made for the improper and malicious motive to justify the illegal search, arrest, and excessive force perpetrated by the defendants against the plaintiff named herein.

29.  It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that plaintiff engaged in any unlawful conduct.

30.  At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

31.  At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

32.  At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

33.  At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

34.  At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's and the New York City Police Department's interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

35.   Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

36.   By their conduct and actions in falsely arresting and maliciously prosecuting JOSE

CRESPO, failing to intercede on behalf of plaintiff and in failing to protect him from the

unjustified and unconstitutional treatment he received at the hands of the defendants, the

individual defendants, acting with animus, and under color of law and without lawful

justification, intentionally, maliciously, and with deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused plaintiff to be

unlawfully subjected to excessive and unreasonable force and false arrest, caused plaintiff

to be maliciously prosecuted, and caused injury and damage in violation of the plaintiff's

constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States

Constitution, including its Fourth and Fourteenth Amendments.

37.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, physical injury, psychological injury

and emotional distress, great humiliation, costs and expenses, and was otherwise

damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY THE CITY OF NEW YORK

38. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39. At all times material to this complaint, defendant, THE CITY OF NEW YORK, acting through its police department, and through Doe defendants and defendant Dedvukaj had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

40. At all times material to this complaint, defendant, THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including defendant Dedvukaj and the Doe defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights.

41. Defendant, THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

42. Defendant, THE CITY OF NEW YORK, is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and

8

discipline would lessen the likelihood of such occurrences.  There are recurrent

circumstances which involve such potential danger to the constitutional rights of citizens

and which are officially tolerated by defendant, THE CITY OF NEW YORK.  Such

policies, practices, customs or usages were the direct and proximate cause of the harm to

the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.

43.  Defendant, CITY OF NEW YORK, was responsible for ensuring that reasonable and

appropriate levels of supervision were in place within and/or over THE NEW YORK

CITY POLICE DEPARTMENT.

44.  Defendant had actual or constructive knowledge that there was inadequate supervision

over and/or within THE NEW YORK CITY POLICE DEPARTMENT with respect to its

members' abuse of their authority, use of excessive force, abuse of arrest powers, and

other blatant violations of the United States Constitution and rules and regulations of

THE NEW YORK CITY POLICE DEPARTMENT. Despite ample notice of inadequate

supervision, defendants took no steps to ensure that reasonable and appropriate levels of

supervision were put in place to reasonably ensure that NYPD members engaged in

police conduct in a lawful and proper manner, including their use of their authority as law

enforcement officers with respect to the general public, including, and specifically, the

plaintiff herein.

45.  The defendant, THE CITY OF NEW YORK deliberately and intentionally chose not to

take action to correct the chronic, systemic, and institutional misuse and abuse of police

authority by it's THE NEW YORK CITY POLICE DEPARTMENT employees, and

thereby deliberately and intentionally adopted, condoned, and otherwise created through

9

deliberate inaction and negligent supervision, a THE NEW YORK CITY POLICE

DEPARTMENT policy, practice, and custom of utilizing illegal and impermissible

searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in

the ordinary course of THE NEW YORK CITY POLICE DEPARTMENT business in

flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to

and beyond the plaintiff's arrest.

46.   The aforementioned customs, practices, procedures, and rules of the CITY OF NEW

YORK and THE NEW YORK CITY POLICE DEPARTMENT are listed below in the

following, non-exhaustive list of unconstitutional actions:

    a.   Using excessive force on individuals, including but not limited to those who
         have already been handcuffed;

    b.   Failing to supervise, train, instruct and discipline police officers and
         encouraging their misconduct;

    c.   Discouraging police officers from reporting the corrupt or unlawful acts of
         others;

    d.   Retaliating against officers who report police misconduct; and

    e.   Failing to intervene to prevent the above-mentioned practices when such
         intervention is reasonably available.

47.   The existence of unconstitutional customs and policies, including those detailed herein,

may be inferred from repeated occurrences of similar unconstitutional, illegal, and

wrongful conduct, as documented in numerous civil actions, including, but not limited to,

the following:

    a.   *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b.   *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.   *Zabala v. City of NewYork,* 37711/2010 (Sup. Ct. Kings Co.);

10

    d.   *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e.   *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.   *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.   *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.   *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.   *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.   *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

48.  In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

49.  It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within THE NEW YORK CITY POLICE DEPARTMENT and that the CITY OF NEW YORK was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

50.  As a direct result of defendant's actions, plaintiff suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, JOSE CRESPO by the Fourth and Fourteenth Amendments of the United

States Constitution and by Title 42 U.S.C.A § 1983.

51.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, psychological injury and emotional distress, great

humiliation, costs and expenses, and was otherwise damaged and injured.

<b>AS AND FOR A THIRD CAUSE OF ACTION<br>VIOLATION OF RIGHTS SECURED<br>BY THE NEW YORK STATE CONSTITUTION<br><u>BY THE INDIVIDUAL DEFENDANTS</u></b>

52.  Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

53.  By their conduct and actions in falsely arresting and maliciously prosecuting JOSE

CRESPO, failing to intercede on behalf of the plaintiff, and in failing to protect him from the

unjustified and unconstitutional treatment he received at the hands of the defendants, the

individual defendants, acting with animus, and under color of law and without lawful

justification, intentionally, maliciously, and with deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused plaintiff to be

unlawfully subjected to excessive and unreasonable force, false arrest and malicious

prosecution, and caused injury and damage in violation of the plaintiff's constitutional rights

as guaranteed by the Constitution of the State of New York.

54.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

injured.

12

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION
## AGAINST THE CITY OF NEW YORK

55.  Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

56.  That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK assumed

responsibility supervision, and authority over THE NEW YORK CITY POLICE

DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts

complained of herein under the theories of vicarious liability and *respondeat superior*.

57.  At the aforementioned location, plaintiff, JOSE CRESPO, and was detained and held under

the imprisonment and control of the defendants under false pretenses.

58.  Due to the negligence of the defendants, their servants, agents, employees, licensees,

independent contractors and/or police officers while in the course and scope of their

employment with THE CITY OF NEW YORK, and acting under authority of the NEW

YORK CITY POLICE DEPARTMENT, falsely arrested, imprisoned, and maliciously

prosecuted the plaintiff, JOSE CRESPO without warrant, authority of law or probable cause

therefore.

59.  That the acts and conduct on the part of the individual defendants constituting the false

arrest and false imprisonment consisted in part of the following; unlawfully and intentionally

detaining and confining JOSE CRESPO against his will and without his consent; unlawfully

and intentionally detaining and confining plaintiff without privilege, probable cause or valid

legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of

13

plaintiff; unlawfully detaining and  JOSE CRESPO in handcuffs without reasonable cause

therefore, and committing such other acts resulting in the unlawful arrest and imprisonment

of plaintiff.

60.  That at all times hereinafter mentioned, said arrests, confinement and restraints of liberty

were not otherwise privileged.

61. That plaintiff, JOSE CRESPO was conscious of the confinement.

62. That as a direct, sole and proximate result of the false arrest, imprisonment, malicious

prosecution and excessive force, plaintiff, JOSE CRESPO was caused to and did sustain

humiliation and embarrassment, emotional and mental distress, moral and mental

degradation, indignity and disgrace, injury to personal and business reputation,

inconvenience, disturbance and disruption of life, legal expenses, and loss of personal

income.

63.  By the actions described above, the individual defendants and THE CITY OF NEW YORK

caused plaintiff to be falsely arrested and/or falsely imprisoned, and cause plaintiff, JOSE

CRESPO to be maliciously prosecuted, without probable cause, without reasonable

suspicion, illegally, without any proper claims, and without any right or authority to do so.

The acts and conduct of the defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated his statutory and common law rights as guaranteed by the

laws of the Constitution of the State of New York.

64.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

injured.

14

## AS AND FOR AN FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION,
## SUPERVISION AND TRAINING

65.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66.  Defendant, THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

68.  Plaintiff, JOSE CRESPO, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69.  Defendants negligently caused emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

15

70.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, psychological injury and emotional

distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

71.  That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is

appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of

the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The convening and empanelling of a jury to consider the merits of the

        claims herein;

    d.  Costs and interest and attorneys' fees;

    e.  Such other further relief as this court may deem appropriate and

        equitable.

Dated:   New York, New York
        August 9, 2013

                              Respectfully submitted,
                              **LAW OFFICES OF MICHAEL S.**
                              **LAMONSOFF, PLLC**
                              *Counsel for the Plaintiff*

        By:    JESSICA MASSIMI, Esq. (JM-2920)
              80 Maiden Lane, 12th Floor
              New York, New York 10038
              (212) 962-1020

16